# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

**JEROME HEAVEN, JR ,**

    **Plaintiff,**

**v.**                                                             **Case No: 5:23-cv-467-MMH-PRL**

**SEVEN ELEVEN,**

    **Defendant.**

## REPORT AND RECOMMENDATION[1]

This is one of twenty-eight cases that *pro se* Plaintiff, Jerome Heaven Jr., has filed in the Middle District of Florida since April 2023.[2] Heaven asserts claims against Seven Eleven

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

[2] These cases include: *Heaven et al. v. Seven Eleven*, 5:23-cv-00247-WFJ-PRL (Apr. 20, 2023); *Heaven v. Pettis et al.*, 5:23-cv-00248-CEM-PRL (Apr. 25, 2023); *Heaven v. Advent Hosp. et al.*, 5:23-cv-00249-WFJ-PRL (Apr. 20, 2023); *Heaven v. Advent Health*, 5:23-cv-00287-WFJ-PRL (June 26, 2023); *Heaven v. Woods et al.*, 5:23cv-00250-JLB-PRL (Apr. 26, 2023); *Heaven v. Well*, 5:23-cv-00251-BJD-PRL (May 1, 2023); *Heaven v. Tarquin*, 5:23-cv-00252-SPC-PRL (Apr. 25, 2023); *Heaven v. Woods et al.*, 5:23-cv-00278-CEM-PRL (June 26, 2023); *Heaven v. Woods et al.*, 5:23-cv-00279-WFJ-PRL (June 7, 2023); *Heaven v. Seven Eleven*, 5:23-cv-00281-BJD-PRL (June 13, 2023); *Heaven v. City of Ocala*, 5:23-cv-00290-JLB-PRL (July 5, 2023); *Heaven v. Green Gait Powered by W. One et al.*, 5:23-cv-00291-BJD-PRL (June 13, 2023); *Heaven v. Tarquin*, 5:23-cv-00295-TPB-PRL (June 13, 2023); *Heaven v. City of Ocala Code Enf't et al.*, 5:23-cv-00348-CEM-PRL (June 13, 2023); *Heaven v. Fifth Jud. Marion Cnty. Cir. Ct.*, 5:23-cv-00382-SPC-PRL (June 20, 2023); *Heaven v. Sec'y, Dep't of Corrs. (Marion)*, 5:23-cv-00383-WWB-PRL (June 21, 2023); *Heaven v. Advent Health*, 5:23-cv-00391-BJD-PRL (June 28, 2023); *Heaven v. Advent Health et al.*, 5:23-cv-00399-TJC-PRL (July 10, 2023); *Heaven v. Manatee Cnty. Courthouse et al.*, 8:23-cv-01196-TPB-TGW (filed May 30, 2023); *Heaven v. Advent Health*, 8:23-cv-01198-SDM-CPT (July 10, 2023); *Heaven v. City of Ocala Code Enf't*, 8:23-cv-01199-CEH-JSS (June 2, 2023); *Heaven v. Manatee Cnty. Courthouse et al.*, 8:23-cv-01379-SDM-TGW (June 23, 2023); *Heaven v. Hire Quest*, 5:23-cv-00433-MMH-PRL (July 18, 2023); *Heaven v. Green Gait Powered by W. One*, 5:23-cv-00434-BJD-PRL (July 12, 2023); *Heaven v. Tarquin*, 5:23-cv-00447-MMH-PRL (July 18, 2023); *Heaven et al. v. City of Ocala et al.*, 5:23-cv-00448-CEM-PRL (July 26, 2023); *Heaven v. Marion Cnty. Sheriff's Office et al.*, 5:23-cv-00449-

for "reckless endangerment" and a "false 911 report" arising out of a store clerk calling 911 on him because he was trespassing. (Doc. 1 at 4). Heaven alleges that he "told the store clerk their license were [sic] out of date all the above cause me to have to be [sic] subject to deadly use of force." *Id.* Although Heaven asserts that the Court has subject-matter jurisdiction because this case involves a federal question, it is apparent that it does not.

Accordingly, I recommend that Plaintiff's motion to proceed in forma pauperis (Doc. 2), be denied and his Complaint dismissed.

### I.   LEGAL STANDARDS

An individual may be allowed to proceed in forma pauperis if he declares in an affidavit that he is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed in forma pauperis, the Court is obligated to review the complaint to determine whether it "is frivolous, malicious, fails to state a claim upon which relief may be granted[,] or ... seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit sua sponte. *Id.*

Jurisdiction is a threshold issue in any case pending in United States district court. Indeed, federal courts are courts of limited jurisdiction, which are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of So. Ala. v. Am. Tobacco Co.,* 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Subject-matter jurisdiction, therefore,

---

TJC-PRL (July 19, 2023); *Heaven v. Marion Cnty. State of Fla. Fifth Jud. Cir.*, 5:23-cv-00468-BJD-PRL (July 28, 2023).

is a threshold inquiry that a court is required to consider before addressing the merits of any claim, and may do so *sua sponte* (that is, on its own). *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) (raising federal jurisdiction issue *sua sponte*); *cf. Fitzgerald v. Seaboard Sys. R.R.*, 760 F.2d 1249, 1251 (11th Cir. 1985) ("A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises."). If a court "determines at any time that it lacks subject-matter jurisdiction, [it] . . . must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## II. DISCUSSION

I submit that the Court lacks subject-matter jurisdiction over Heaven's complaint. Federal jurisdiction is based on either diversity of citizenship jurisdiction or federal question jurisdiction. Federal question jurisdiction exists if there has been a violation of Plaintiff's rights arising under the Constitution or federal law except "where such a claim is wholly insubstantial and frivolous." *Southpark Square Ltd. v. City of Jackson*, 565 F.2d 338, 341 (5th Cir.) *cert. denied,* 436 U.S. 946 (1978). Here, while Plaintiff's Complaint checks the "[f]ederal question" box for the basis of this Court's jurisdiction, the Complaint fails to allege or implicate a federal statute or the United States Constitution. 28 U.S.C. § 1331. Moreover, the allegations of the complaint, that a store clerk called 911 on plaintiff because he was trespassing in the store, fail to implicate a federal statute or the United States Constitution.

Accordingly, I submit that the Court lacks subject-matter jurisdiction over this action.[3]

---

[3] Likewise, diversity of citizenship jurisdiction is non-existent because the parties are all residents of Florida or Florida entities and hence the parties lack complete diversity. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 377 (1978) ("Congress has established the basic rule that diversity jurisdiction exists under 28 U.S.C. § 1332 only when there is complete diversity of citizenship.").

Finally, Plaintiff allegations fail to support any cognizable claim. Typically, a *pro se* plaintiff "must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice," at least where a more carefully drafted complaint might state a claim. *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (holding this rule inapplicable to counseled plaintiffs). However, a district court is not required to grant leave where amendment would be futile. *Chang v. JPMorgan Chase Bank, N.A.*, 845 F.3d 1087, 1094 (11th Cir. 2017). Granting leave to amend would be futile if the complaint, as amended, would still be subject to dismissal. *Id.* Given a fair reading of Heaven's grievances, granting him leave to amend would be futile because based on the allegations it does not appear that he could state a valid federal claim for relief.

## I. RECOMMENDATION

Accordingly, Plaintiff's motion to proceed in forma pauperis (Doc. 2) should be denied and his Complaint should be dismissed.

Recommended in Ocala, Florida on August 3, 2023.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy